RECEIVED
APR 1 2 2018
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| THOMAS C. MCBRIDE | CIV. ACTION NO. 1:17-01302 |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| SHARON B. RILEY, ET AL | MAG. JUDGE HORNSBY |

## OPINION

Before the court is an appeal from a final order of the bankruptcy court entered September 29, 2017.[1] Appellants are the attorneys for Sharon Boyd Riley, Thomas C. McBride, McBride Law Firm and Thomas C. McBride, LLC (collectively referred to as "McBride") and Joseph Moore and E. Orum Young Law, LLC (collectively "Young"). Appellees are Sharon Boyd Riley, and Trustees, Jon C. Thornburg and E. Eugene Hastings. The issues presented on appeal for review are as follows:

- Did the bankruptcy court err in holding that advances of filing fees, credit counseling fees, and credit report fees by debtor's counsel in Chapter 13 are not reimbursable under 22 U.S.C. § 503 (b)(1)(A)?

- Did the bankruptcy court err in holding that advances of filing fees, credit counseling fees, and credit report fees by debtor's counsel in Chapter 13 are not reimbursable under 11 U.S.C. § § 330(a) and 503(b)(2)?

- Did the bankruptcy court err in holding that the filing fee for a Chapter 13 case is not a post-petition expense?

- Did the bankruptcy court err in holding that the filing fee for a Chapter 13 case accrues pre-petition?

- Does the bankruptcy court abuse its discretion by denying reimbursement of court filing costs, credit counseling fees,

---

[1] R. #1-1.

1

and credit report fees advanced by debtor's counsel in the context of a "No-Look" fee in a Chapter 13 case?

## **STATEMENT OF THE CASE**

McBride represents Appellee, Sharon Riley, as debtor's counsel in In re: Sharon Boyd Riley, Bankruptcy Case No. 17-80108 (the "Bankruptcy case"). McBride, Appellant, advanced certain expenses and fees on behalf of Riley in the amount of $367.00. The advance was to pay court costs of $310.00, credit counseling of $24, and a credit report of $33.

As part of the proposed Chapter 13 plan, McBride sought reimbursement of these advances in addition to his attorney fees under the Western District's "No-Look" fees. The Chapter 13 Trustee, Jon C. Thornburg, asserted the following in the "Trustee's Comment Regarding Confirmation of Chapter 13 Plan";

> The Standing Order does not address reimbursement for expenses and costs. While the requested fees and costs are not opposed, the Trustee requests clarification from the Court as to whether Debtor's counsel may seek reimbursement of expenses and costs as an administrative expense over and above the "No-Look" fee.
>
> **WHEREFORE,** the Chapter 13 Trustee requests the Court provide clarification from the Court regarding the request for costs and expenses in addition to no look attorney's fees.[2]

Subsequently, the Trustee objected to the confirmation of the plan simply stating that the "plan requests reimbursement of court costs, credit counseling fees, and credit report fee."[3] Within that objection, the Trustee moved the Bankruptcy Court for an order denying confirmation of the plan, and granting a reasonable period of time to submit an

---

[2] R. #18-5.
[3] R. #18-7.

2

amended/modified plan to cure the objections.[4] The Bankruptcy Court held a hearing on the requested confirmation and took the matter under advisement.

On September 29, 2017, the Bankruptcy Court issued an Order with reasons and disallowed McBride's request for reimbursement of the $367.00 advance. The Order limited recovery under the Bankruptcy Court's January 24, 2017 Standing Order Regarding "No-Look" Fees in Chapter 13 Cases (effective for cases filed on or after February 1, 2017)[5] as follows:

> IT IS ORDERED that the request for reimbursement of the Advances is DENIED, and the administrative expense (attorney fee) claim of the Debtor's attorney in each of the above-captioned cases shall be limited to the applicable "no-look" fee allowed under the January 24, 2017 Standing Order Regarding "No-Look" Fees in Chapter 13 Cases (Effective for cases filed on or after February 1, 2017).
>
> IT IS FURTHER ORDERED that, in all Chapter 13 cases in which the Court took under advisement or otherwise reserved its ruling on request for reimbursement of prepetition expenses in an amount above the compensation allowed under this District's Standing Order Regarding No-Look Fees in Chapter 13 Cases, the request for reimbursement of expenses is DISALLOWED, and the Chapter 13 Trustees in the Alexandria and Monroe Divisions are DIRECTED to submit, on or before October 29, 2017, Amended Orders of Confirmation in consonance with this ruling in all Chapter 13 cases containing the Court's reservation of this issue for final ruling.[6]

In his reasons for disallowing the request for reimbursement of advanced fees, Judge Kolwe ruled that such fees and costs were not allowed under the current Standing

---

[4] Id.
[5] See A. 11, U.S. Bankruptcy Court for the Western District of Louisiana, January 24, 2017 Standing Order Regarding "No-Look" Fees in Chapter 13 Cases, available at
http://www.lawd.uscourts.gov/sites/lawd/files/general-order/Standing%20Order%20Re%20No%20Look%20Fees%20-20%Ch%2013.pdf.
[6] R. #17-1, p. 116. The Order further indicated that the Court would deny requests for the same relief in eighteen (18) other enumerated cases.

3

Order, not allowed under the Bankruptcy Code, specifically, 11 U.S.C. § 330(a), 11 U.S.C. § 503(b)(a)(A) and 11 U.S.C, § 503(b)(2), and not allowed pursuant to jurisprudence.

## **LAW AND ANALYSIS**

As noted by Appellants, this case involves whether or not debtor's counsel in Chapter 13 bankruptcy proceedings in the Western District will be reimbursed money advanced to their debtor clients for filing their bankruptcy petitions, taking required credit counseling course prior to filing bankruptcy, and for credit reports obtained by counsel prior to the petition being filed. Potentially, a debtor can file an application with the Bankruptcy Clerk of Court and pay the $310 filing fee in three installments. As for the credit report, the cost suggested by the parties in these proceedings is $33 and will be borne by the debtor prior to filing bankruptcy. The credit report is not mandatory, but assists the debtor and his/her counsel file the debtor's financial statement of affairs.[7] Another cost potentially borne by the debtor is $24 for credit counseling which is not only required, but jurisdictional.[8]

The majority of the bankruptcy petitions are known as "no-money-down" bankruptcy cases, meaning that the debtor's attorney agrees to advance the funds to pay the aforementioned fees with the understanding that the attorney will be reimbursed through the debtor's confirmed plan. Indeed, most bankruptcy attorneys advertise as such.

---

[7] A debtor's attorney is subject to due diligence requirements in preparation and submittal of court filings pursuant to 11 U.S.C. § § 521(a)(1), 526(a)(2), 527(c), and 707(b)(4)(C), and F.R.B.P. 9011.
[8] 11 U.S.C. § 109(h)(1).

4

Bankruptcy proceedings are a high volume practice; consequently many districts have instituted local rules which establish No-Look fees. Generally, the rules provide that "if the attorney charges no more than a given amount, the fee sought will be deemed presumptively reasonable under § 330 with no need to provide time records."[9] No-Look fees, which permit "a presumptively reasonable" attorney fee that Chapter 13 debtor's counsel could choose to accept in lieu of filing a formal fee application, were established in the Western District in 2010.[10] The No-Look fees provide that the attorney's fees payable under the order includes any prepetition expenses advanced by the debtor's attorney. Consequently, a No-Look fee would prohibit an attorney from requesting reimbursement of advanced pre-petition expenses in addition to the fixed No-Look fee.

If this court were to determine that these advanced pre-petition fees are inclusive of the No-Look fee, the advanced fee total is inclusive of the No-Look fee which is paid out over a period of time after the Bankruptcy Court confirms the debtor's plan; this has been the long-standing policy of the Western District regarding advanced costs and expenses.[11] If we determine that the advanced fees are reimbursable, the advanced pre-petition expenses would be an addition to the No-Look fee provided in the Standing Order, and paid out over a period of time after the Bankruptcy Court confirms the debtor's plan.

Alternatively, Bankruptcy attorneys can opt out of the No-Look fee and file a Fee Application under § 503 or require the debtor to pay these expenses in advance of filing their bankruptcy petition.

---

[9] A. 13, 1 BANKRUPTCY LAW MANUAL § 4:40 (5th ed.)(Dec. 2017 update)
[10] See March 5, 2010 Standing Order on Western District Bankruptcy Court website.
[11] Filing fees must be paid within 120 days of filing the petition. F.R.B.P 1006(b)(2).

*The Western District's "No-Look" Fee rules*

    11 U.S.C. A. § 503(b) provides in pertinent part:

> After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title including,
>
>     (1)(A) the actual, necessary costs and expenses of preserving the estate including—
>
>                     \* \* \*
>
>     (2) compensation and reimbursement awarded under section 330(a) of this title; . . .

As previously noted, effective April 1, 2010, the Bankruptcy Judges in this district adopted a district-wide standing order on No-Look fees. This Standing Order did not prohibit an attorney from advancing the filing fees and other pre-petition costs on behalf of a Chapter 13 client; it expressly stated that "any advances made by the debtor's counsel for filing fees or expenses pre-confirmation will be considered *included* in the no-look fee."[12] A September 13, 2013 amendment to the Standing Order did not change the No-Look fee provision.[13] The Standing Order as to No-Look fees was revoked effective February 1, 2017.[14] Specifically, the maximum No-Look fixed fee was $3,000.00 with an additional $600 to be paid during the last six plan payments of the Chapter 13 plan if certain requirements were met.[15] This was an increase in total fees from $2,800 to a potential $3,600.

---

[12] March 5, 2010 Standing Order Regarding "No-Look" Fees on the Western District website at ¶ (1), p. 2.
[13] See September 13, 2013 Amended Standing Order Regarding "No-Look Fees in Chapter 13 Cases on the Western District website.
[14] Id.
[15] Id. p. 2.

The 2017 Standing Order also reduced the No-look fee when the debtor's monthly plan payments were less than $300.[16] The new Standing Order details services the debtor's counsel must provide in return for the fee and also allows the attorney to submit a traditional fee application. Of significance to this opinion is the fact that the new Standing Order is silent as to pre-petition advances for costs and expenses. So, the question for this court to determine is if the pre-petition advances costs are still inclusive of the No-Look fees as provided in the 2017 Standing Order, or should the silence as to the advanced pre-petition costs be interpreted to mean that debtors' counsel can be reimbursed for these advanced costs and expenses through the debtor's Chapter 13 plan in addition to the No-Look fees?

*§ 503(b)(1)(A)*

Administrative expenses under § 503(b)(1)(A) are for the actual, necessary costs of preserving the estate; such expenses are narrowly construed to maximize the value of the estate for all creditors.[17] The Bankruptcy Judge concluded that the pre-petition advances were not reimbursable under § 503(b)(1)(A) based on his finding that first, the advances were not a debt that arose from a transaction within the bankruptcy estate, and second, the expense did not benefit the estate as a whole.[18] The Bankruptcy Judge disagreed with McBride's (Appellant) position that these advances were made to preserve the debtor's estate. Specifically, 28 U.S.C. § 1930(a) requires the debtor to pay the filing

---

[16] Id. p.3. The current standing order on No-Look fees limits attorney's fees at 10 times the monthly plan payments if that payment is below $300; for all other cases the No-Look fee is limited to $3,000 with a potential additional $600 if certain requirements are met, and the additional $600 to be paid during the last six months of the plan.
[17] In re Frazier, 569 B.R. 361, 367 (Bankr. S.D. Ga. 2017).
[18] See In re Jack Wade Drilling, Inc., 258 F.3d 385, 387 (5th Cir. 2001); 4 Collier on Bankruptcy ¶ 503.06[3] (16th ed. 2015).

fee, and 11 U.S.C. § 190(h) requires the debtor to complete the credit counseling course "during the 180-day period ending on the date of filing the petition." As to the credit report, there is no requirement that a debtor obtain a credit report. The Judge reasoned that because 11 U.S.C. § 521(a)(1) and Federal Bankruptcy Procedure Rule 1007 places the burden on the debtor to provide a schedule of his or her assets and liabilities; the responsibility lies with the debtor for purchasing the credit report if necessary to prepare the lists and schedules. Summarizing, Judge Kolwes reasoned that all three of these advances were made to fulfill obligations of the debtor personally, not obligations of the estate. Consequently, he determined that the pre-petition advances did not arise from a transaction with the Debtor's estate, but were obligations of the debtor and not of the debtor's bankruptcy estate.

The Bankruptcy Judge further found that the pre-petition advances did not provide a direct and substantial benefit to the estate, noting that these types of claims generally arise from the outlays for repairs, upkeep, freight, insuring the value of the property and the hiring of custodians by the trustee. He also referred to claims for rent and for other goods and services incidental to protecting, conserving, maintaining and rehabilitating the estate because these types of expenses benefit the estate as a whole, as well as the estate's creditors, by maintaining or adding to the value of the estate.[19] The Bankruptcy Judge explained that debtors are required by § 1325(b)(1)(B) to dedicate all of their disposable income to plan payments for the benefit of unsecured creditors for the duration of the plan; allowing reimbursement of these pre-petition advances would divert a portion of this income to the detriment of the unsecured creditors.

---

[19] In re Frazier, 569 B.R. at 367.

Appellant argues that the verbiage "preserving the estate" and "necessary costs" is broader than what it suggests, and that the "benefit" requirement is not an additional element, but rather assists in determining the necessity of the cost incurred.[20] Appellant then refers the court to the 2017 No-Look Fee Standing Order which expressly requires debtors' counsel to perform certain obligations in exchange for the fixed fee as follows:

> A. Provide counsel and advise the Debtor(s) on an as needed basis. This includes, but is not limited to, the following; analysis of the Debtor(s)' financial situation, routine phone calls and questions, and rendering advice to the debtor in determining whether and under which chapter to file a petition in bankruptcy.
> B. Prepare and file a proposed Chapter 13 plan and any required amendments to the plan.
> C. Assist the Debtor(s) in preparing and filing the documents required by 11 U.S.C. § 521 and any required amendments, as well as preparation and filing of required payroll orders, amended payroll orders and any pleading required to confirm the Chapter 13 plan.
> D. Prepare and file miscellaneous motions required to protect the Debtor(s)' interests in the case.[21]

Appellant maintains that the filing fee is an actual, necessary expense of preserving the estate because the estate would be dismissed if that fee were not paid. The Bankruptcy Judge reasoned that debtor's counsel paid the filing fee, pre-petition, thus there was no risk of the case being dismissed, and it was not a post-petition expense but a pre-petition expense that benefitted the debtor personally and not the estate. Judge Kolwe then concluded that because neither of the two-prongs under § 503(b)(1)(A) were met, debtor's counsel was not entitled to an administrative expense under that provision.

---

[20] Citing Reading Co. v. Brown, 391 U.S. 471, 476-77, 88 S.Ct. 1759 (1968); State of Texas v. Lowe (In re H.L.S. energy Co., Inc.), 151 F.3d 434, 437 (5th Cir. 1998)(citing In re TransAmerican Natural Gas Corp., 978 F.2d 1409, 1416 (5th Cir. 1992)).
[21] A. 11 U.S. Bankruptcy Court for the Western District of Louisiana, January 24, 2017 Standing Order Regarding "No-Look" Fees in Chapter 13 Cases.

9

This court agrees with Judge Kolwe and finds that he (1) did not err in holding that the filing fee for a Chapter 13 case is not a post-petition expense (2) did not err in holding that the filing fee for a Chapter 13 case accrues pre-petition (3) did not err in holding that advances of filing fees, credit counseling fees, and credit report fees by debtor's counsel in Chapter 13 are not reimbursable under 22 U.S.C. § 503 (b)(1)(A).

*§ § 330(a) and 503(b)(2)*

11 U.S.C. § 330(a)(4)(B) is the statutory authority for bankruptcy courts to award compensation and reimbursement expenses for attorneys and other professionals that provide services to the estate and is as follows:

> In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

Appellant argues that the new subsection expanded the recovery of Chapter 13 debtors' counsel to encompass services that benefit the debtor only, as opposed to benefiting the estate. In In re Walsh,[22] the court noted that the bankruptcy court cannot allow compensation for services that either were not reasonably likely to benefit the debtor's estate, or were not necessary to the administration of the case.[23] The one is exception for chapter 12 or 13 cases is when the debtor is an individual, the court may allow reasonable compensation from the bankrupt estate to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on

---

[22] 538 B.R. 466 (N.D. Ill. E.D. 2015).
[23] 11 U.S.C. § 330(a)(4)(A).

a consideration of the benefit and necessity of such services to the debtor and other factors set forth in § 330(a)(3).[24] The court in Walsh concluded that Congress plainly intended that counsel for a Chapter 13 debtor could be compensated from the bankrupt estate for services that provided a benefit to the debtor even though those services conferred no direct benefit upon the bankruptcy estate.[25]

After giving a brief history of § 330(a)(1), the Bankruptcy Judge noted that § 330(a)(4)(B) (under the Reform Act), unlike the previous § 330 (a)(1) which expressly allowed the debtor's attorney to be awarded reimbursement for actual necessary expenses, deleted "debtor's attorney" from the list of persons entitled to compensation and expense awards under § 330(a)(1).[26]

In Lamie v. United States Trustee,[27] the court held that this deletion makes debtor's attorneys ineligible for compensation and expenses unless they are hired by the trustee. So after Lamie, debtor's attorneys may only receive compensation under § 330(a)(4)(B), which only authorizes a court to award *compensation* as it is silent with regard to expense

---

[24] 11 U.S.C. § 330(a)(4)(B). § 330(a)(3) provides the following;
In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services taking into account all relevant factors, including - -

- (A) The time spent on such services;
- (B) The rates charged for such services;
- (C) Whether the services were necessary to the administration of, or beneficial at the time at which the services was rendered toward the completion of, a case under this title;
- (D) Whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
- (E) With respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field, and
- (F) Whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

[25] Citing In re Brooks, 2010 WL 2044933, at *4 (Bankr.C.D.Ill May 24, 2010); In re Lee, 209 B.R. 708, 710 (Bankr.N.D. Ill 1997).
[26] The Bankruptcy Reform Act of 1994 deleted "debtor's attorney" from the list of persons entitled to compensation and expense awards under § 330(a)(1).
[27] 540 U.S. 526, 124 S.Ct. 1023 (2004).

reimbursements. Judge Kolwes remarks that no other section of the Bankruptcy Code expressly authorizes a court to make an award of pre-petition expenses to debtors' attorneys. In analyzing whether a Chapter 13 debtor attorney remains entitled to expense reimbursement after the 1994 Reform Act, Judge Kolwes acknowledges the cases cited by Appellant wherein debtors' attorney sought compensation for their services **and** reimbursement of expenses under § 330(a)(4)(B).[28]

Judge Kolwes remarks that one court held that the definition of "compensation" and the absence of the word "reimbursement" in § 330(a)(4)(B) eliminates any basis for reimbursing attorney expenses under the section.[29] In Mariotta, the court noted that in all of the cases that allowed debtors' attorney to seek reimbursement expenses, the court assumed under § 330(A)(4)(B) that the expenses were reimbursable without discussion. Judge Kolwes disagreed with the conclusion in Mariotta which disallowed all expenses and followed the reasoning in Frazier, noting that the No-Look fee in the Western District "obviates the need, in most cases, to address whether the expenses of a Chapter 13

---

[28] See In re Frazier, 569 B.R. 361 (expenses are reimbursable to Chapter 13 attorneys under § 330(a)(4)(B), but not filing fees); In re Genatossio, 538 B.R. 615, 617 (Bankr. D. Mass. 2015)(§ 330(a)(4)(B) allows chapter 13 debtor counsel to seek "fees and expenses for representing the interests of the debtor in connection with the bankruptcy case.");In re Pastran, 462 B.R. 201, 213 (Bankr. N.D. Tex. 2011)(debtor's attorney allowed the fees an expenses for representing the debtor in litigation with her mortgage lender); In re Marvin, 2010 WL 2176084 (Bankr. N.D. Iowa)(court awarded fees and costs to debtor's attorney, not including filing fees); In re Muldowney, 2008 WL 513158 (Bankr. N.D. Iowa 2008)(Chapter 13 debtor's attorney allowed the cost of fx transmissions, postage and envelopes, and copying costs, although the reimbursement of copies was reduced; the court approved reimbursement of the filing fee although debtor's attorney received a prepetition retainer to recover the filing fee; In re Williams, 384 B.R. 191, 194 (Bankr. N.D. Ohio 2007)(In general, § 330(a)(4)(B) authorizes counsel for debtor to be awarded fees and costs); In re Wyche, 425 B.R. 779(Bankr. E.D. Va. 2010)(court allows reimbursement of portions of attorney's copy, postage, paces an other expenses, but disallows expenses deemed to be part of the attorney's overhead); and In re King, 350 B.R. 327 (Bankr. S.D.Tex. 2006)(allowing Chapter 13 counsel post-confirmation expenses for Pacer charges, parking, copies, faxes and postage).
[29] Mariotta, 479 B.R. 681, 689-90 (Bankr. M.D. N.C. 2012) is the only reported decision that held that a debtor's attorney was not entitled to expense reimbursements under any circumstances.

debtor are reimbursable under § 330(a)(4)(B)"[30] and is intended as a replacement for the Rule 2016 application process.

The 2017 Standing Order expressly sets forth the one instance that debtors' attorneys can be reimbursed expenses over and above the No-Look fee (i.e., "actual out-of-pocket postage costs for service of the motion to modify the plan).[31] Judge Kolwes concluded that the No-Look fee is intended to be inclusive of all expenses and any amount over the No-Look fee requires a formal fee application setting forth both compensation and expenses requested.

Judge Kolwes relies on Rule 1006(b) which gives the bankruptcy court discretion to allow debtors to pay the filing fee in installments after the petition is filed. He explains that allowing debtor's counsel to advance that fee and then subsequently seek reimbursement of that fee through the plan, would take away the discretion of the Court to allow the fee to be paid in installments because of necessity, eviscerate Rule 1006(b) and divert available funds from unsecured creditors to the debtors' counsel. In summary, the court held that the discretion to determine whether a filing fee should be charged to a debtor's estate is within the purview of the court, not the debtor's attorney, which is buttressed by the court's responsibility to protect the estate.[32]

This court finds that the well-reasoned decision of Judge Kolwes, is just that—well reasoned. Therefore, we find that the filing fee, credit counseling fee and credit report fee

---

[30] Reason for Decision, R. #18-1, p. 13.
[31] January 24, 2017 Standing Order Regarding "No-Look" Fees in Chapter 13 Cases (Effective for cases filed on or after February 1, 2017), ¶ 4.
[32] See In re Smith, 331 B.R. 622, 628 (Bankr. M.D. Pa. 2005), quoting In re Symozak, 246 B.R. 774, 778 (Bankr. D.N.J. 2000).

are not reimbursable to debtors' counsel under 11 U.S.C. § 503(b)(1)(A) or (b)(2), or 11 U.S.C. § § 330(a) because they are not administrative expenses of the debtor's estate.

## CONCLUSION

For the reasons stated herein, the appeal of the Bankruptcy Judge will be **AFFIRMED.**

**THUS DONE AND SIGNED** in Alexandria, Louisiana on this 12th day of April, 2018.

*James Trimble*
**JAMES T. TRIMBLE, JR.**
**UNITED STATES DISTRICT JUDGE**